**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 09-1663-VAP (DTBx)                    Date:  October 20, 2009

Title:    CITIBANK, N.A., as TRUSTEE OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., et al. *-v-* BRENDA WATSON, et al.
================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

  Marva Dillard                                  None Present
  Courtroom Deputy                               Court Reporter

ATTORNEYS PRESENT FOR                ATTORNEYS PRESENT FOR
PLAINTIFFS:                          DEFENDANTS:

  None                                          None

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT, RIVERSIDE COUNTY (IN CHAMBERS)

     On March 26, 2009, Plaintiffs Citibank, N.A. as Trustee of Structured Asset Mortgage Investments II, Inc. and Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates Series 2007-3 ("Plaintiffs") filed a "Complaint for Unlawful Detainer" against Defendant Brenda Watson ("Defendant").  On June 29, 2009, Defendant removed the action on the basis of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332.  (<u>See</u> Not. of Removal at 1-2.)  On October 14, 2009, Plaintiff filed an Amended Notice of Removal, which also specified federal question and diversity jurisdiction as the basis for removal.  (<u>See</u> Am. Not. of Removal at 1–3.)

     Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441, <u>et seq</u>.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  <u>Gaus Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citing <u>Nishimoto v. FedermanBachrach & Assocs</u>., 903 F.2d 709, 712 n.3 (9th Cir.

MINUTES FORM 11                                  Initials of Deputy Clerk __md___
CIVIL -- GEN                     Page 1

EDCV 09-1663-VAP (DTBx)
CITIBANK, N.A., as TRUSTEE OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., et al. v BRENDA WATSON, et al.
MINUTE ORDER of October 20, 2009

1990)); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

     Defendant claims one basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims "aris[e] under" federal law.  (See Not. of Removal at 1–2; Am. Not. of Removal at 1–3.)  From the face of the Complaint, Plaintiff's claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Accordingly, Defendant has not shown the Court's jurisdiction based on federal question, 28 U.S.C. § 1331.

     Defendant also claims removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332.  (See Not. of Removal at 2; Am. Not. of Removal at 2.)  Upon further review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case.  Defendant does not explain how a case, filed by Plaintiff as one where damages are no more than $10,000, could be valued at $75,000 to meet the statutory requirements for diversity jurisdiction.  See 28 U.S.C. § 1332.

     Defendant has not met her burden of establishing that the case is properly in federal court.  Gaus, 980 F.2d at 566.  Accordingly, the Court REMANDS the action to the Superior Court of California, Riverside County.

     **IT IS SO ORDERED.**